**Francis Omon OMONDIAGBA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73961.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed Feb. 29, 2008.

Neil A.F. Popovic, Esq., Heller Ehrman, LLP, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, R. Joseph Sher, Esq., U.S. Attorney, Ralph Andrew Price, Jr., United States Attorney's Office, Alexandria, VA, for Respondent.

Before: NOONAN, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM *

Francis Omon Omondiagba, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the factual and procedural history, we will not recount it here. We grant the petition for review.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Where the BIA has adopted the decision of the Immigration Judge ("IJ"), we review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales,* 432 F.3d 1037, 1041 (9th Cir.2005) (en banc). We review the IJ's denial of asylum or withholding of removal for substantial evidence. *See Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004). Additionally, we review adverse credibility findings for substantial evidence and reverse "only if the evidence compels a contrary conclusion." *See Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006).

## I

None of the grounds upon which the IJ relied in making an adverse credibility finding as to Omondiagba's asylum claim can be sustained. The reasons given by the IJ involved speculation, minor inconsistencies that did not go to the heart of the asylum claim, or were not true inconsistencies at all. *Kaur,* 379 F.3d at 884.

Omondiagba presented sufficient specific documentary evidence to establish past persecution independent of his testimony. *See Zahedi v. INS,* 222 F.3d 1157, 1163 (9th Cir.2000) (noting that an asylum applicant "may establish facts that demonstrate ... his claim either 'through the production of specific documentary evidence *or* by credible and persuasive testimony'"). To establish an asylum claim, an applicant must demonstrate a well-founded fear of future persecution either by proving past persecution, or "'good reason' to fear 'future persecution.'" *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000). To demonstrate past persecution, "an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2)

that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government." *Id.*

The Nigerian newspaper article Omondiagba provided demonstrated all three elements. It detailed the bombing of Omondiagba's house, which severely injured both of his parents, and it attributed the bombing to Nigerian government forces in retribution for Omondiagba's political activism. In short, Omondiagba established past persecution even without reference to his testimony. *Zahedi,* 222 F.3d at 1166. Given that Omondiagba established past persecution, he is entitled to a presumption of a well-founded fear of future persecution. The burden now shifts to the government to show, by a preponderance of the evidence, that there has been a fundamental change in circumstances such that Omondiagba no longer has a well-founded fear of persecution. *See* 8 C.F.R. 208.13(b)(1). We therefore remand to the BIA for further proceedings consistent with this disposition.

## II

To be eligible for withholding of removal, an applicant must establish that " 'it is more likely than not' " that he will be persecuted upon return. *See Zahedi,* 222 F.3d at 1168. "This court has explained that a key factor in finding evidence sufficient for withholding of [removal] is whether harm or threats of harm were aimed against petitioner specifically." *Id.* (internal quotation marks omitted). Here, the documentary evidence Omondiagba presented establishes that the Nigerian government "was actively pursuing him personally for his activities" relating to the Ijaw Youth Movement. *Id.* We

therefore remand for the grant of withholding of removal.

## III

Finally, because Omondiagba presented no evidence that he was tortured in Nigeria, *see* 8 C.F.R. § 1208.18(a) (defining "torture"), the IJ reasonably concluded that Omondiagba had not demonstrated that he was "more likely than not" to be subjected to torture if returned to Nigeria.

**PETITION FOR REVIEW GRANTED; REMANDED.**